**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

AARON LEIGH-PINK; TANA EMERSON,

*Plaintiffs-Appellants*,

v.

RIO PROPERTIES, LLC,

*Defendant-Appellee.*

No. 19-17556

D.C. No. 2:17-cv-02910-GMN-VCF

ORDER

Filed July 22, 2022

Before: Ronald M. Gould and Ryan D. Nelson, Circuit Judges, and Brian M. Cogan,[*] District Judge.

Order

---

[*] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

# SUMMARY[**]

## Nevada Law

The panel affirmed the district court's dismissal of plaintiffs' fraudulent concealment and consumer fraud claims after the Nevada State Supreme Court answered a question the panel had certified to it.

The panel certified the following question:

> For purposes of a fraudulent concealment claim, and for purposes of a consumer fraud claim under NRS § 41.600, has a plaintiff suffered damages if the defendant's fraudulent actions caused the plaintiff to purchase a product or service that the plaintiff would not otherwise have purchased, even if the product or service was not worth less than what the plaintiff paid?

The Nevada State Supreme Court answered "that a plaintiff who receives the true value of the goods or services purchased has not suffered damages under theories of common-law fraudulent concealment or N.R.S. 41.600."

Applying Nevada state law as declared by the Nevada State Supreme Court, the panel held that plaintiffs failed to allege recoverable damages as to their fraudulent concealment and consumer fraud claims.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Robert A. Waller Jr. (argued), Law Office of Robert A. Waller Jr., Cardiff-by-the-Sea, California, for Plaintiffs-Appellants.

Richard Fama (argued), New York, New York; F. Brenden Coller, Philadelphia, Pennsylvania; for Defendant-Appellee.

## ORDER

Plaintiffs Aaron Leigh-Pink and Tana Emerson appealed the district court's dismissal of their claims against Rio Properties, LLC ("Rio"), which owns and operates the Rio All-Suite Hotel and Casino in Las Vegas, Nevada. Plaintiffs paid a resort fee to the hotel to use its internet, telephones, and fitness room.[1]  During this time, plaintiffs claim defendant knew that its water system was infected with *Legionella* bacteria, which causes Legionnaires' Disease. After learning of the contamination, plaintiffs brought this putative class action against defendant. They seek the return of the resort fee on the theory that they would not have gone to the hotel, and would not have paid the resort fee, if defendant had told them about the presence of the *Legionella*.

In a prior decision, we affirmed the dismissal of plaintiffs' claims for negligence, "declaratory relief," violation of Nevada Revised Statutes ("NRS") § 205.377(1), and consumer fraud, and reversed the dismissal of plaintiffs' unjust enrichment claim. *Leigh-Pink v. Rio Properties, LLC*,

---

[1] Plaintiffs' hotel room was "comped," and thus plaintiffs have no claim to recover a room fee.

849 F. App'x 628 (9th Cir. 2021).  However, we reserved judgment on plaintiffs' claims for fraudulent concealment and statutory consumer fraud, based on NRS § 598.0923(2), because a controlling question of state law existed.  *See id.* at 631.

Plaintiffs adequately pled defendant's knowledge of the *Legionella*, as well as causation.  But a question remained whether plaintiffs sustained legally recoverable damages.  There was no dispute that plaintiffs received the market value of the services for which they paid.  Plaintiffs contended, however, that they would never have purchased these services had they known that defendant's hotel contained *Legionella*.

We, therefore, certified the following question to the Supreme Court of Nevada:

> For purposes of a fraudulent concealment claim, and for purposes of a consumer fraud claim under NRS § 41.600, has a plaintiff suffered damages if the defendant's fraudulent actions caused the plaintiff to purchase a product or service that the plaintiff would not otherwise have purchased, even if the product or service was not worth less than what the plaintiff paid?

Without modifying the question, the Nevada State Supreme Court answered "that a plaintiff who receives the true value of the goods or services purchased has not suffered damages under theories of common-law fraudulent concealment or N.R.S. 41.600." *Leigh-Pink v. Rio Props., LLC*, — P.3d —, 138 Nev. Adv. Op. 48, 2022 WL 2375733 at *1 (2022).

Applying Nevada state law as declared by the Nevada State Supreme Court, plaintiffs failed to allege recoverable damages as to their fraudulent concealment and consumer fraud claims.  Thus, the district court's dismissal of these two claims is **AFFIRMED.**